UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOURAD KHALIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 08-1551 (RJL) |
| | ) |
| L-3 COMMUNICATIONS TITAN GROUP, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION
(September 21, 2009) [#9, #10]

The plaintiff, Mourad Khalil ("Khalil"), worked as a linguist from August 2003 to July 2006 for a government contractor providing security in Iraq: the defendant, L-3 Communications Titan Group ("L-3"). (First Am. Compl. [Dkt. #8] ¶¶ 3–5.) Khalil alleges that L-3 discriminated against him in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, violated the Family and Medical Leave Act of 1990, wrongfully discharged him, and breached an implied contract. Currently before the Court is L-3's Motion to Dismiss the case or, alternatively, to Transfer it to the Eastern District of Virginia. For the following reasons, L-3's Motion to Transfer is GRANTED and its Motion to Dismiss is DENIED as moot.

## BACKGROUND

In considering L-3's Motion to Transfer venue under Federal Rule of Civil Procedure 12(b)(3), the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor and resolves any factual conflicts in the plaintiff's favor." *James v. Verizon Servs. Corp.*, No. 08-1274, — F. Supp. 2d. —, 2009 WL 2370611, *1 (D.D.C. Aug. 3, 2009). "The [C]ourt, however, need not accept the plaintiff's legal conclusions as true." *Id.* "To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue." *Id.*[1]

A Title VII claim is governed by a statutory venue provision that is specific to Title VII. Under that provision, venue is "proper in any of the following judicial districts: (1) where 'the unlawful employment practice is alleged to have been committed'; (2) where 'the employment records relevant to such action are maintained and administered'; (3) where the plaintiff 'would have worked but for the alleged unlawful employment practice'; but (4) if the defendant is not within those three districts, the 'action may be brought within the judicial district in which the respondent has his principal office.'" *Kloeckner v. Solis*, No. 08-762, 2009 WL 1364641, *1 (D.D.C. May 15, 2009) (quoting

---

[1] Additionally, in determining whether a defendant has defeated the plaintiff's assertion of venue, "[a] court may consider materials outside the pleadings." *Ridgely v. Chao*, No. 05-1033, 2006 WL 626919, *1 (D.D.C. Mar. 13, 2006).

42 U.S.C. § 2000e-5(f)(3)). Khalil has not established venue is proper in the District of Columbia under any of these subsections.

With respect to the first subsection, the parties agree that the unlawful employment practice did *not* occur in the District of Columbia. (Pl.'s Opp'n [Dkt. #11] at 3.) In fact, Khalil concedes that the unlawful conduct occurred either in Iraq, where he was working, or in Florida, where he returned after leaving Iraq. (*Id.*) Therefore, jurisdiction is not proper under subsection (1).

The second subsection provides that venue is proper in the district where "the employment records relevant to such [alleged unlawful employment] practice are maintained and administered." 42 U.S.C. § 2000e-5(f)(3). While Khalil does not address where the records are maintained and administered, he does offer the unsupported conclusory assertion that "there is a dispute as to where [his] employment records are 'maintained and administered.'" (Pl.'s Opp'n at 3.) He speculates that his employment records are "likely maintained electronically" and could easily be accessible for litigation in the District of Columbia. (*Id.* at 3–4.) However, the statutory venue provision does *not* provide for venue wherever records could be accessed, but rather where they are "maintained and administered." *Kendrick v. Potter*, No. 06-122, 2007 WL 2071670, *3 (D.D.C. July 16, 2007) (finding venue on the basis of where the records are maintained and administered "lies where the complete master set of Plaintiff's relevant employment records are maintained and administered, not merely where any records happen to be

located"). Moreover, according to a declaration by an L-3 human resources employee, "[a]ll official employment records . . . relating to Mr. Khalil are kept, maintained and administered at [L-3']s corporate office located in Reston, Virginia." (Def.'s Ex. 1 [Dkt. #9-2] ¶ 8.) Surely this affidavit should and must be credited over Khalil's unsupported and conclusory assertions in his pleadings. *See Kendrick*, 2007 WL 2071670 at *3 ("Declarations of human resource officers and employers are sufficient to establish where the employment records are maintained and administered."). Therefore, venue is not proper in the District of Columbia under the second subsection.

With respect to the third subsection, Khalil concedes that "there is no evidence on where Mr. Mourad [sic] would have worked for [d]efendant but for the alleged unlawful employment practice." (Pl.'s Opp'n at 5.) Therefore, venue is also not proper in the District of Columbia on the basis that Khalil would have worked in this district but for the alleged employment practice.

The fourth and final subsection provides that *if* the defendant is not within one of the previous three districts, venue is proper in the district where the defendant "has his principal office." 42 U.S.C. § 2000e-5(f)(3). While L-3 does have offices in the District of Columbia, (*see generally* Pl.'s Ex. 1 [Dkt. #11-2]), its headquarters (and likely its "principal office") are located in Reston, Virginia, (*id.*). More importantly, perhaps, the Court cannot even consider the fourth venue scenario, as this subsection applies *only* in the event that the defendant is not located in one of the first three districts. *Donnell v.*

*Nat'l Guard Bureau*, 568 F. Supp. 93, 95 (D.D.C. 1983). Because Khalil's employment records are maintained and administered in the Eastern District of Virginia and the defendant itself is located there, the Court does not even get to the issue of whether venue is proper under the fourth scenario.

Thus for all of the above reasons the Court finds venue for Khalil's Title VII action is not proper in the District of Columbia,[2] and must either dismiss Khalil's Title VII claim or, "if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *Akers v. Gutierrez*, No. 07-266, 2007 WL 1541500, *2 (D.D.C. May 23, 2007). Given venue for Khalil's Title VII claim is proper in the Eastern District of Virginia, it is in the interests of justice and judicial efficiency to transfer all of Khalil's claims to that venue. *See Saran v. Harvey*, No. 04-1847, 2005 WL 1106347, *4 (D.D.C. May 9, 2005) ("When venue is improper for a Title VII claim, courts have consistently transferred the entire case, pursuant to 28 U.S.C. § 1406(a), to a judicial district where venue is appropriate for all claims, rather than split a case apart."). An Order consistent with this Memorandum Opinion is attached.

RICHARD J. LEON
United States District Judge

---

[2] While Khalil asserts venue is proper in the District of Columbia because he "worked on a contract issued by the U.S. Department of Defense in Washington, D.C. and Defendant may be found in this judicial district," (First Am. Compl. ¶ 2), Title VII does not provide that venue is proper on this basis. *See* 42 U.S.C. § 2000e-5(f)(3).